# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**


September 18, 2026

Mr. Dwight P. Bostwick
Zuckerman Spaeder, L.L.P.
485 Madison Avenue
19th Floor
New York, NY 10022

Mr. Justin A. Nelson
Susman Godfrey, L.L.P.
1000 Louisiana Street
Suite 5100
Houston, TX 77002

Ms. Katherine M. Peaslee
Susman Godfrey, L.L.P.
401 Union Street
Suite 3000
Seattle, WA 98101

No. 26-10858 In re: Media Matters for America
USDC No. 4:23-CV-1175

Dear Mr. Bostwick, Mr. Nelson, Ms. Peaslee,

We have docketed the petition for writ of mandamus, and ask you to use the case number above in future inquiries.

Filings in this court are governed strictly by the Federal Rules of **Appellate** Procedure. We cannot accept motions submitted under the Federal Rules of **Civil** Procedure. We can address only those documents the court directs you to file, or proper motions filed in support of the appeal. See Fed. R. App. P. and 5th Cir. R. 27 for guidance. We will not acknowledge or act upon documents not authorized by these rules.

All counsel who desire to appear in this case must electronically file a "Form for Appearance of Counsel" naming all parties represented within 14 days from this date, see Fed. R. App. P. 12(b) and 5th Cir. R. 12. This form is available on our website www.ca5.uscourts.gov. Failure to electronically file this form will result in removing your name from our docket. Pro se parties are not required to file appearance forms.

ATTENTION ATTORNEYS: Attorneys are required to be a member of the Fifth Circuit Bar and to register for Electronic Case Filing. You

may access the "Application and Oath for Admission" form at: www.ca5.uscourts.gov. Information on Electronic Case Filing is also available on our site.

We recommend that you visit the Fifth Circuit’s website, www.ca5.uscourts.gov and review material that will assist you during the appeal process. We especially call to your attention the Practitioner’s Guide and the 5th Circuit Appeal Flow Chart, located in the Forms, Fees, and Guides tab.

ATTENTION: If you are filing Pro Se (without a lawyer) you can request to receive correspondence from the court and other parties by email and can also request to file pleadings through the court’s electronic filing systems. Detailed instructions on how to make these requests are available at: https://www.ca5.uscourts.gov/pro-se-information. This is not available for any pro se serving in confinement.

**Special guidance regarding filing certain documents:**

General Order No. 2021-1, dated January 15, 2021, requires parties to file in paper highly sensitive documents (HSD) that would ordinarily be filed under seal in CM/ECF. This includes documents likely to be of interest to the intelligence service of a foreign government and whose use or disclosure by a hostile foreign government would likely cause significant harm to the United States or its interests. Before uploading any matter as a sealed filing, ensure it has not been designated as HSD by a district court and does not qualify as HSD under General Order No. 2021-1.

A party seeking to designate a document as highly sensitive in the first instance or to change its designation as HSD must do so by motion. Parties are required to contact the Clerk’s office for guidance before filing such motions.

**Sealing Documents on Appeal:** Our court has a strong presumption of public access to our court’s records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket. Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding. It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary. An unopposed motion to seal does not obviate a counsel’s obligation to justify the motion to seal.

Sincerely,

LYLE W. CAYCE, Clerk

Rebecca Jeanfreau

By: ______________________________
Rebecca L. Jeanfreau, Deputy Clerk
504-310-7645

cc:

Mrs. Elizabeth Joan Brown Fore
Alexander Dvorscak
Ms. Karen S. Mitchell
Mr. John Clay Sullivan

Provided below is the court's official caption. Please review the parties listed and advise the court immediately of any discrepancies. If you are required to file an appearance form, a complete list of the parties should be listed on the form exactly as they are listed on the caption.

Case No. 26-10858

In re: Media Matters for America; Eric Hananoki; Angelo Carusone,

Petitioners